NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 6 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SIMULADOS SOFTWARE, LTD., Plaintiff-Appellee, v. PHOTON INFOTECH PRIVATE, LTD., Defendant-Appellant. | Nos. 20-15179 20-16258 D.C. No. 5:12-cv-04382-EJD MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Argued and Submitted June 16, 2021
San Francisco, California

Before: SCHROEDER, M. SMITH, and VANDYKE, Circuit Judges.

We previously affirmed the jury's verdict for Plaintiff-Appellee Simulados Software, Ltd. (Simulados), but remanded the case to the district court because that court improperly granted recission of the contract. *Simulados Software, Ltd. v. Photon Infotech Priv., Ltd.*, 771 F. App'x 732 (9th Cir. 2019). On remand, the district court determined that, because of California law forbidding double recovery,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Simulados could not collect damages on both its contract and fraud claims and instead awarded Simulados $309,674 on its fraud claim and $0 on its contract claim. Additionally, the district court awarded attorneys' fees to Simulados. Defendant-Appellant Photon Infotech Private, Ltd. (Photon) appeals both decisions. We have jurisdiction pursuant to 28 U.S.C. § 1291. Because the parties are familiar with the facts, we do not recount them here, except as necessary to provide context to our ruling. We **AFFIRM** the decisions of the district court.

### Damages

"Under established [California] law, the prevailing plaintiff may not recover tort damages and contract damages for the same wrong, even though the plaintiff might have set forth alternate theories of recovery." *Ambassador Hotel Co., Ltd. v. Wei-Chuan Inv.*, 189 F.3d 1017, 1031–32 (9th Cir. 1999); *see also Tavaglione v. Billings*, 847 P.2d 574, 580 (Cal. 1993) (en banc). The district court held, and Simulados does not dispute, that Simulados presented the same evidence for damages on the breach of contract and fraud in the inducement claims. Because the jury heard the same evidence for both damages requests, the rule against double recovery applies, and Simulados can receive damages for one of its claims, but not both.

Once it is established that the plaintiff cannot recover on both claims, the plaintiff has discretion to choose a claim on which to recover. *See Solomon v. N.*

*Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1137 (9th Cir. 1998). However, in some circumstances, the economic loss doctrine requires the plaintiff to recover contract damages, rather than tort damages. *See Robinson Helicopter Co., Inc. v. Dana Corp.*, 102 P.3d 268, 272–73 (Cal. 2004). California law asks whether the "conduct . . . violates a duty independent of the contract arising from principles of tort law." *Erlich v. Menezes*, 981 P.2d 978, 983 (Cal. 1999). To avoid the economic loss doctrine, the tortious conduct must be "completely independent of the contract or arise[] from conduct which is both intentional and intended to harm." *Id.* California courts have cited fraud claims as example of tortious conduct that are independent of contractual harms. *See Robinson*, 102 P.3d at 274–75; *Erlich*, 981 P.2d at 983–84. Simulados's fraud claim was based on Photon's conduct that was both intentional and intended to harm, as we affirmed during the previous appeal. *See Simulados*, 771 F. App'x at 734 ("Photon made these representations with knowledge of their falsity or with reckless disregard of their truth" and "intended to induce reliance (i.e., to induce Simulados to sign the contract)."). Accordingly, the economic loss doctrine does not prevent the district court from awarding damages for the tort claim.

Additionally, the liability cap in Paragraph 5.2 of the contract does not apply to Simulados's tort claim. Although "[c]lauses of this type have long been recognized as valid in California," *Food Safety Net Servs. v. Eco Safe Sys USA, Inc.*,

3

147 Cal. Rptr. 3d 634, 641–42 (Ct. App. 2012) (citation and internal quotation marks omitted), California Civil Code "§ 1668 renders [a] limitation of liability unenforceable to the extent that it would insulate [a defendant] from liability for fraud or willful injury," *FiTeq Inc. v. Venture Corp.*, 169 F. Supp. 3d 948, 956 (N.D. Cal. 2016). Simulados could not "rationally calculate the possibility that" Photon would "deliberately misrepresent terms critical to [the] contract." *Robinson*, 102 P.3d at 275–76. Thus, Simulados's tort claim is not subject to the contract's liability cap.

Finally, contrary to Photon's suggestion, our previous decision does not mandate that Simulados recover contract damages. We "agree[d] that there is an $18,848 cap on Simulados's recovery for breach of contract" and that the liability cap "is enforceable with respect to Simulados's breach of contract claim." *Simulados*, 771 F. App'x at 734. But we never stated that Simulados must collect contract damages, rather than fraud damages. Once the district court correctly held that Simulados could collect tort damages, the $18,848 cap no longer applied. Therefore, we affirm the district court's decision to award $309,674 in tort damages.

**Attorneys' Fees**

Photon first argues that Simulados could not receive attorneys' fees on the contract claim because Simulados was not the "prevailing party" pursuant to California Civil Code § 1717. "Rather than focusing on who receives the net

4

monetary award, section 1717 defines the prevailing party as the one who recovers 'a greater relief in the action on the contract.'" *Sears v. Baccaglio*, 70 Cal. Rptr. 2d 769, 774 (Ct. App. 1998) (quoting Cal. Civil Code § 1717(b)(1)). "Even when *no* party receives a net recovery, a party may prevail under section 1717." *Id.* at 779. Simulados prevailed on the breach of contract claim. The jury announced its verdict for Simulados, and we affirmed that verdict on appeal. *Simulados*, 771 F. App'x at 734. That the district court ultimately awarded $0 in damages on the contract claim does not affect Simulados's status as the prevailing party.

Second, Photon contends that Simulados could not collect attorneys' fees for the tort claim. "If a contractual attorney fee provision is phrased broadly enough, . . . it may support an award of attorney fees to the prevailing party in an action alleging both contract and tort claims." *Santisas v. Goodin*, 951 P.2d 399, 405 (Cal. 1998). Applying California law for contract interpretation, *see Mountain Air Enters., LLC v. Sundowner Towers, LLC*, 398 P.3d 556, 561 (Cal. 2017), we conclude that the district court did not err in awarding attorneys' fees for the tort claim.

Paragraph 9 of the contract awards attorneys' fees to the prevailing party when a party "seeks to enforce its rights under [the] Agreement (whether in contract, tort or both) or seeks a declaration of any rights or obligations under [the] Agreement." In *Exxess Electronixx v. Heger Realty Corp.*, 75 Cal. Rptr. 2d 376 (Ct. App. 1998),

5

the court concluded that the relevant attorneys' fees provision did not reach tort claims, *see id.* at 386, where the contract awarded attorneys' fees when "any Party . . . br[ought] an action or proceeding to enforce the *terms* [of the contract] or declare rights [there]under," *id.* at 379 (emphasis added). In contrast, here a party can collect fees to "enforce its *rights* under [the] Agreement," including "tort" rights, which includes the right to not be fraudulently induced to enter into the contract. Paragraph 9's language is more similar to the contract in *Thompson v. Miller*, 4 Cal. Rptr. 3d 905 (Ct. App. 2003), where the attorneys' fees provision that awarded fees for "any dispute under [the] Agreement," *id.* at 910, was deemed to reach tort claims, *id.* at 913–14. Additionally, the parties' decision here to add the parenthetical "whether in contract, tort or both" particularly supports the notion that a plaintiff prevailing on a tort claim "under [the] Agreement" can collect attorneys' fees.

Third, Photon argues that the district court could not reinstate the attorneys' fees award from before the first appeal. Even if in the first appeal we technically vacated the district court's original award of attorneys' fees, *see Simulados*, 771 F. App'x at 735, that court could incorporate its prior analysis, which we did not explicitly disturb in the first appeal, and confirm the earlier award upon remand. *See Elks Nat. Found. v. Weber*, 942 F.2d 1480, 1484 (9th Cir. 1991) ("On remand by this court, the district court confirmed its previous decision."). The court presumably did so here given its fee award.

6

Fourth, Photon believes that the district court abused its discretion in the amount of attorneys' fees it awarded. The liability cap in Paragraph 5.2 does not apply to attorneys' fees. Paragraph 5.2 addresses only "*Photon's* aggregate liability," violating the "mutuality of remedy" embodied in Section 1717 for attorneys' fees for contract claims. *Brown Bark III, L.P. v. Haver*, 162 Cal. Rptr. 3d 9, 16 (Ct. App. 2013). Additionally, as noted above, Paragraph 5.2 does not pertain to Simulados's tort claim. Finally, the district court applied the lodestar method for determining the amount of post-appeal attorneys' fees,[1] *see Ketchum v. Moses*, 17 P.3d 735, 741 (Cal. 2001), considered the appropriate factors, and compared the rates for Simulados's attorneys to other fee awards in the Northern District of California. Although Photon contends that their attorneys had "fewer hours of work and a lower cost per page and per word," the district court acted within its discretion to conclude that "[t]he post-appeal work consisted of significant legal research into complex questions of California law" and that the number of hours expended was reasonable. Accordingly we affirm the district court's attorneys' fees award.

**AFFIRMED.**

---

[1] Photon does not argue that that the district court awarded an unreasonable amount of attorneys' fees for work performed before the first appeal. Therefore, Photon has waived any challenge to the reasonableness of those fees. *See Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1137 n.13 (9th Cir. 2012).